UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:08-CR-40 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| | ) | |
| CHRISTINE DIANE BYRD | ) | |

ORDER OF DETENTION PENDING TRIAL

An initial appearance and arraignment were held in this case on April 8, 2008.

Ed Schmutzer, Assistant United States Attorney, was present representing the government.

and Jonathan Moffatt was present to accept appointment for Kim Tollison, Assistant Federal

Defender, to represent the defendant. The government moved for detention pursuant to 18

U.S.C. § 3142(e). Counsel for the defendant advised this Court that the defendant would

executed a Waiver of Detention Hearing reserving her right to move for a hearing at a later

date. The defendant executed the appropriate waiver.

The defendant is aware of her rights to a detention hearing and to require the

government to meet its burden of proving that no conditions of release exist which will

reasonably assure his appearance in court and the safety of the community. The defendant

understands that if she waives her detention hearing, she will remain in custody pending trial.

The defendant acknowledged in open court that she has no questions and understands her

rights and the consequences of waiving those rights, and agreed to be detained without bond

pending trial.

Upon consideration of defendant's waiver, the charge against her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1)  Defendant be detained without bond pending trial;

(2)  Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)  Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**IT IS SO ORDERED.**

s/  C. Clifford Shirley, Jr.
UNITED STATES MAGISTRATE JUDGE